DO NOT PUBLISH

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**11-586**

**STATE IN THE INTEREST OF I.J.B.**


************

**APPEAL FROM THE**
**ELEVENTH JUDICIAL DISTRICT COURT**
**PARISH OF SABINE, NO. 2495**
**HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE**

************

**J. DAVID PAINTER**
**JUDGE**

************

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**D. Scott Kendrik**
**1762 Texas St.**
**Natchitoches, LA 71457**
**COUNSEL FOR APPELLANT:**
    **O.S.**

**Brian C. McRae**
**P.O. Box 612**
**Mansfield, LA 71052**
**COUNSEL FOR APPELLEE:**
    **I.J.B.**

**Kimberley S. Smith**
**1525 Fairfield Ave., 8th Fl.**
**Shreveport, LA 71101**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PAINTER, Judge**

O.S. appeals the trial court's termination of her parental rights with regard to I.J.B. Finding no error in the trial court's determination, we affirm.

**FACTS**

When I.J.B. was born on March 15, 2008, both she and her mother, O.S., tested positive for cocaine. I.J.B was removed from O.S.'s custody via an instanter order. O.S. told a case worker from the Department of Social Services that two older children had been removed from her custody by the State of Texas in 2007 because she failed a drug test. She further told the case worker that she had come to Louisiana to give birth to I.J.B. because she thought the State of Texas would take the child if she were born there.

A case plan was put into place whereby O.S. agreed to work towards reunification, and the child was placed in foster care. I.J.B. was adjudicated a child in need of care on June 30, 2008. The case plan was reviewed every six months and included:

a. Attend and successfully complete Parenting Classes and demonstrate knowledge learned during visits.

b. Attend and successfully complete Anger Management Classes and demonstrate ability to control her anger.

c. Submit to a Psychological Evaluation and follow all recommendations.

d. Visit the child in accordance with the visitation schedule.

e. Submit to a Substance Abuse Assessment and follow recommendations.

f. Attend AA/NA meetings and provide verification to the Department.

g. Inform the Department of her Whereabouts and her Circumstances.

h. Establish and Maintain a Home that is safe and stable and maintain utilities.

1

i. Financially Support her child by contributing gifts, clothes, and child support for her child on a regular basis

A petition for termination of parental rights was filed on November 23, 2010, in which it was alleged that while she had attended parenting and anger management classes, she had failed to visit the child regularly, consistently delayed drug treatment, tested positive for alcohol, failed to attend AA/NA meetings or to supply verification of attendance, had not consistently kept the Department informed of her whereabouts, and failed to establish and maintain a safe home for the child.

A hearing was held on March 28, 2011, and O.S.'s parental rights were terminated in a judgment dated the same day. O.S. appeals.

DISCUSSION

The Louisiana Supreme Court in *State ex rel. S.M.W.*, 00-3277, pp. 12-14 (La. 2/21/01), 781 So.2d 1223, 1232-33, explained the review of involuntary termination of parental rights as follows:

> Title X of the Children's Code governs the involuntary termination of parental rights. As applicable to this case, the grounds for termination of parental rights are:

> > (5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

> La. Children's Code Art. 1015(5). The method of proving these elements is provided in La. Children's Code Art. 1036. La. Children's Code Art. 1036(C) and (D) provide:

> > (C) Under Article 1015(5), lack of parental compliance with a case plan may be evidenced by one of more of the following:

(1) The parent's failure to attend court-approved scheduled visitations with the child.

(2) The parent's failure to communicate with the child.

(3) The parent's failure to keep the department apprised of the parent's whereabouts and significant changes affecting the parent's ability to comply with the case plan for services.

(4) The parent's failure to contribute to the costs of the child's foster care, if ordered to do so by the court when approving the case plan.

(5) The parent's repeated failure to comply with the required program of treatment and rehabilitation services provided in the case plan.

(6) The parent's lack of substantial improvement in redressing the problems preventing reunification.

(D) Under Article 1015(5), lack of any reasonable expectation of significant improvement in the parent's conduct in the near future may be evidenced by one or more of the following:

(1) Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based upon expert opinion or based upon an established pattern of behavior.

(2) A pattern of repeated incarceration of the parent that has rendered the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time.

(3) Any other condition or conduct that reasonably indicates that the parent is unable or unwilling to provide an adequate permanent home for the child, based upon expert opinion or based upon an established pattern of behavior.

The State must prove the elements of one of the enumerated grounds by clear and convincing evidence to sever the parental bond. La. Children's Code art. 1035(A); *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (holding that the minimum standard of proof in termination of parental rights cases in clear and convincing evidence); *State ex rel. J.A., supra* at 811. The State must only establish one statutory ground for termination, but the trial judge must also find that termination is in the best interest of the child. La. Children's Code art. 1039; *State ex rel. J.A., supra.*

"It is well-settled that an appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or unless those findings are clearly wrong." *In re A.J.F.,* 00-0948 (La.6/30/00), 764 So.2d 47, 61. "Where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even when the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court." *Id.; Rosell v. ESCO,* 549 So.2d 840 (La.1989). "[I]f the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Rosell, supra* at 844. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong." *Id.* "In its manifest error review, it is important that the appellate court not substitute its opinion when it is the juvenile court who is in the unique position to see and hear the witnesses as they testify." *In re A.J.F., supra* at 62. "The trier of fact is not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record." *Id.*

The record in this case supports the trial court's decision to terminate O.S.'s parental rights. The reports from the Department reveal her continuing inability or unwillingness to deal with her substance abuse problems. She tested positive for drugs or alcohol at intervals throughout the three years prior to having her rights terminated. At the hearing, she denied any use of drugs in spite of the positive drug screenings. Further, she was unable to obtain or unwilling to verify steady employment and never obtained a safe home for the child. Her record of visitation was inconsistent, and she frequently went months without seeing her child.

Further, the record and the testimony at the hearing showed that I.J.B. is in a loving home where she is well cared for. I.J.B. has severe allergies and asthma that require extensive and regular treatment. All of her family members carry epi-pens to be administered to the child in case of insect bites. She will require injections for her severe allergies for the rest of her life: twice a week for six months, then once a week for three years, then once a month for the rest of her life.

Any injection missed during the first six months will require that the treatment be re-started. Further, the child requires that regular breathing treatments be administered in the home. Her foster parents are caring for I.J.B.'s health problems and want to adopt her. She is happy and well adjusted.

After reviewing the record herein, we cannot say that the trial court erred in terminating Somersall's parental rights. The State established more than one statutory ground for termination, and the record shows that termination is in the best interest of the child.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

5